12 CIV 9261

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ENDO PHARMACEUTICALS INC.,
and GRÜNENTHAL GMBH,

           Plaintiffs,

v.

PAR PHARMACEUTICAL
COMPANIES, INC., and PAR
PHARMACEUTICAL, INC.,

           Defendants.

C.A. No. _____



## COMPLAINT

Plaintiffs Endo Pharmaceuticals Inc. ("Endo"), and Grünenthal GmbH ("Grünenthal") for

their Complaint against defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical,

Inc. (collectively "Par" or "Defendants"), allege as follows:

## PARTIES

1.     Plaintiff Endo is a Delaware corporation, having its principal place of business at

100 Endo Boulevard, Chadds Ford, Pennsylvania 19317.  Endo is a specialty pharmaceuticals

company engaged in the research, development, sale and marketing of prescription

pharmaceuticals used, among other things, to treat and manage pain.  Endo markets and

distributes OPANA® ER, an innovative crush-resistant opioid tablet (alternatively referred to

herein as "Opana ER CRF").

2.     Plaintiff Grünenthal is a corporation organized and existing under the laws of

Germany, having an address at 52078 Aachen, Zieglerstaße 6, North Rhine-Westaphalia,

Germany.

3.     Upon information and belief, Par Pharmaceutical Companies, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

4.     Upon information and belief, Par Pharmaceutical Companies, Inc. is a pharmaceutical company engaged in the research, development, manufacturing, marketing, distribution, and sale of prescription pharmaceutical products throughout the United States, including in this judicial district.

5.     Upon information and belief, Par Pharmaceutical, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at One Ram Ridge Road, Spring Valley, New York.

6.     Upon information and belief, Par Pharmaceutical, Inc. is a wholly-owned subsidiary of and serves as the generic drug division for Par Pharmaceutical Companies, Inc. Upon information and belief, the acts of Par Pharmaceutical, Inc. complained of herein were done at the direction of, with the authorization of, and/or with the cooperation, participation, and assistance of, and at least in part for the benefit of, Par Pharmaceutical Companies, Inc.

## NATURE OF ACTION

7.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

- 2 -

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) (patent infringement), and 28 U.S.C. §§ 2201 and 2202 (declaratory judgment).

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

10.    This Court has personal jurisdiction over each of the defendants by virtue of the fact that, *inter alia*, they have committed — or aided, abetted, planned, contributed to, or participated in the commission of — tortious conduct in the State of New York that has led to foreseeable harm and injury to Plaintiffs.  Moreover, both defendants maintain continuous and systematic contacts with the State of New York and this judicial district.

11.    Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. are registered with the New York State Department of State as corporations actively conducting business within New York and maintain registered agents within the state.

12.    Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. collaborate in the research, development, manufacture, testing, distribution and/or the sale of a number of pharmaceutical products manufactured and sold pursuant to approved abbreviated new drug applications within the United States and the State of New York generally and this judicial district specifically.

13.    Upon information and belief, Defendants conduct research & development, manufacturing, supply chain activities, account services, and distribution through one or more of their facilities, located in this judicial district.  The principal place of business for Par Pharmaceutical, Inc. is located at One Ram Ridge Road, Spring Valley, New York. Furthermore, Par Pharmaceutical Companies, Inc. states on its website

(http://www.parpharm.com/index.php?option=com_content&view=
article&id=72&Itemid=29) that it "[e]mploys more than 600 professionals in offices in
Woodcliff Lake, New Jersey (Corporate Headquarters), Spring Valley, New York (Research &
Development, Manufacturing, Supply Chain, and Account Services) and Suffern, New York
(Distribution)."

14.     Upon information and belief, Par Pharmaceutical, Inc. has submitted to FDA
paperwork purporting to constitute an Abbreviated New Drug Application ("ANDA") under §
505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j) ("ANDA No. 20-4340"
or "Par's ANDA"), seeking approval to engage in the commercial manufacture, use, and sale of
40 mg oxymorphone hydrochloride extended-release tablets ("Par's ANDA Product"), as a
generic version of the drug described in Endo's sNDA 201655.  Upon information and belief,
Par Pharmaceutical, Inc.'s actions relating to ANDA No. 20-4340 were done at the direction of
and with the authorization, cooperation, participation, and assistance of, and at least in part, for
the benefit of Par Pharmaceutical Companies, Inc.

15.     Upon information and belief, Defendants intend to distribute and sell Par's
ANDA Product in this judicial district if ANDA No. 20-4340 is approved by FDA.

16.     Upon information and belief, Defendants currently sell significant quantities of
generic drug products in New York.  Those products include, *inter alia*, generic versions of
Ambien® CR and Wellbutrin® XL.  Examples of other generic products manufactured and sold
by Par are at http://www.parpharm.com/generics/index.php?option=com_products&view=
default&article_id=46&Itemid=79.

17.     Based on the facts and causes alleged herein, and for additional reasons to be
developed through discovery, this Court has personal jurisdiction over the defendants.

## FACTUAL BACKGROUND

### The Drug Approval Process

18.     A company seeking to market a new pharmaceutical drug in the United States must first obtain approval from FDA, typically through the filing of a New Drug Application ("NDA"). *See* 21 U.S.C. § 355(a). The sponsor of the NDA is required to submit information on all patents claiming the drug that is the subject of the NDA, or a method of using that drug, to FDA, and upon approval, FDA then lists such patent information in its publication, the *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book." *See* 21 U.S.C. § 355(b)(1) and (c)(2).

19.     On the other hand, a company seeking to market a generic version of a previously approved drug is not required to submit a full NDA. Instead, it may file an ANDA. *See* 21 U.S.C. § 355(j). The generic drug approval process is considered "abbreviated" because the generic manufacturer may piggyback on the innovator company's data and FDA's prior finding of safety and efficacy by demonstrating, among other things, that the generic product is bioequivalent to the previously approved drug (the "listed drug" or "branded drug").

20.     In conjunction with this "abbreviated" application process, Congress has put in place a process for resolving patent disputes relating to generic drugs, under which an ANDA filer must provide certifications addressing each of the patents listed in the Orange Book for the branded drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12). An ANDA filer may certify, for instance, that it believes a patent is invalid or will not be infringed by the manufacture, use, or sale of the generic drug for which the ANDA is submitted. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV); 21 C.F.R. § 314.94(a)(12)(i)(A)(4). This is known as a "Paragraph IV Certification."

21.    When an applicant submits an ANDA to FDA, FDA has 60 days to preliminarily review the application to ensure that it is sufficiently complete to permit substantive review. 21 C.F.R. § 314.101. Only after FDA notifies the applicant that its ANDA is substantially complete is the ANDA deemed to have been "filed." *Id.*

22.    The sponsor of an ANDA which is accepted for review by FDA that contains a Paragraph IV Certification must provide notice ("Paragraph IV Notice") to both the owner of the listed patents and the holder of the NDA for the referenced listed drug. The certification must include a detailed statement of the factual and legal bases for the applicant's belief that the challenged patent is invalid or not infringed by the proposed generic product. 21 U.S.C. § 355(j)(2)(B); 21 C.F.R. § 314.95.

23.    If the patentee or NDA holder files a patent infringement action within 45 days of receiving a Paragraph IV Notice from an ANDA filer, final approval of the ANDA is generally subject to a 30-month stay of regulatory approval. *See* 21 U.S.C. § 355(j)(5)(B)(iii); 21 C.F.R. § 314.107(b)(3). The 30-month stay is important to innovator companies, such as Endo and Grünenthal, because it protects them from the severe financial harm that could otherwise ensue from FDA granting approval to a potentially infringing product without first providing an opportunity for the innovators to prove infringement and obtain an injunction prohibiting sale of the infringing product. Put another way, the innovator company is assured of a 30-month period during which it may try to enforce its intellectual property rights and resolve any patent dispute before the generic product enters the market. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

### Endo's Opana ER CRF NDA

24.    On December 12, 2011, FDA approved Endo's Supplemental New Drug Application ("sNDA") 201655, under § 505(b) of the Federal Food, Drug and Cosmetic Act, 21

- 6 -

U.S.C. § 355(b), for a new dosage form of Opana ER which is a crush-resistant tablet that contains oxymorphone hydrochloride for the relief of pain (hereinafter, "Opana ER CRF").

25.      Opana ER CRF is distributed and sold throughout the United States for relief of moderate to severe pain in patients requiring continuous around-the-clock opioid treatment for an extended period of time.

## THE ENDO PATENTS

26.      On December 14, 2010, the PTO duly and legally issued U.S. Patent No. 7,851,482 ("the '482 Patent"), entitled "Method For Making Analgesics" to Johnson Matthey Public Limited Company ("Johnson Matthey") as assignee.  Jen-Sen Dung, Erno M. Keskeny, and James J. Mencel are named as inventors.  A true and correct copy of the '482 Patent is attached as Exhibit A.

27.      Endo subsequently acquired full title to the '482 Patent, and accordingly, Endo is now the sole owner and assignee of the '482 Patent.

28.      On November 13, 2012, the PTO duly and legally issued U.S. Patent No. 8,309,122 ("the '122 Patent"), entitled "Oxymorphone Controlled Release Formulations" to Endo Pharmaceuticals, Inc. as assignee.  Huai-Hung Kao, Anand R. Baichwal, Troy McCall, and David Lee are named as inventors.  A true and correct copy of the '122 Patent is attached as Exhibit B.  Endo is the sole owner and assignee of the '122 Patent.

29.      Information regarding the Endo '482 and '122 Patents was submitted to FDA for listing in the Orange Book.  Pursuant to 21 C.F.R. § 314.53(e), FDA has listed the '482 and '122 Patents in the Orange Book with reference to NDA 201655.

30.      On December 11, 2012, the PTO duly and legally issued U.S. Patent No. 8,329,216 ("the '216 Patent"), entitled "Oxymorphone Controlled Release Formulations" to

Endo Pharmaceuticals, Inc. as assignee. Huai-Hung Kao, Anand R. Baichwal, Troy McCall, and David Lee are named as inventors. A true and correct copy of the '216 Patent is attached as Exhibit C. Endo is the sole owner and assignee of the '216 Patent.

31.    Upon issuance, information regarding the Endo '216 Patent was submitted to FDA for listing in the Orange Book.

32.    Opana ER CRF is covered by one or more claims of each of the '482, '122, and '216 Patents.

## THE GRÜNENTHAL PATENTS

33.    On February 14, 2012, the PTO duly and legally issued U.S. Patent No. 8,114,383 ("the '383 Patent"), entitled "Abuse-Proofed Dosage Form" to Gruenenthal GmbH, also known as Grünenthal GmbH, as assignee. Johannes Bartholomäus, Heinrich Kugelmann, and Elisabeth Arkenau-Marić are named as inventors. A true and correct copy of the '383 Patent is attached as Exhibit D.

34.    On June 5, 2012, the PTO duly and legally issued U.S. Patent No. 8,192,722 ("the '722 Patent"), entitled "Abuse-Proofed Dosage Form" to Gruenenthal GmbH, also known as Grünenthal GmbH, as assignee. Elisabeth Arkenau-Marić, Johannes Bartholomäus, and Heinrich Kugelmann are named as inventors. A true and correct copy of the '722 Patent is attached as Exhibit E.

35.    On November 13, 2012, the PTO duly and legally issued U.S. Patent No. 8,309,060 ("the '060 Patent"), entitled "Abuse-Proofed Dosage Form" to Gruenenthal GmbH, also known as Grünenthal GmbH, as assignee. Elisabeth Arkenau-Marić, Johannes Bartholomäus, and Heinrich Kugelmann are named as inventors. A true and correct copy of the '060 Patent is attached as Exhibit F.

36.     Grünenthal is the assignee and owner of the '383, '722, and '060 Patents ("the Grünenthal Patents").

37.     Endo has an exclusive license to the Grünenthal Patents from Grünenthal, including a right to enforce the Grünenthal Patents.

38.     Information regarding the Grünenthal Patents was submitted to FDA for listing in the Orange Book.  Pursuant to 21 C.F.R. § 314.53(e), FDA has listed the '383,'722, and '060 Patents in the Orange Book with reference to NDA 201655.

39.     Opana ER CRF is covered by one or more claims of each of the Grünenthal Patents.

## PAR'S ANDA FILING

40.     Upon information and belief, some time before November 8, 2012, Par submitted to FDA paperwork purporting to constitute an Abbreviated New Drug Application ("ANDA") under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of oxymorphone hydrochloride extended-release tablets, ("Par's ANDA Product"), as a generic version of the drug described in sNDA 201655.

41.     In a letter dated November 8, 2012 addressed to Plaintiffs and received by Endo on November 12, 2012 and Grünenthal on or about November 12, 2012, Par purported to notify Endo and Grünenthal that Par had submitted ANDA No. 20-4340, naming Par Pharmaceutical, Inc. as the ANDA applicant and seeking approval to manufacture, use, or sell Par's ANDA Product before the expiration of the '482, '383, and '722 Patents.  The Par Notice Letters claimed that Par's ANDA included a Paragraph IV Certification stating that it was Par's opinion that the claims of the '482, '383, and '722 Patents are invalid, unenforceable, or are not infringed

by the proposed manufacture, importation, use, sale, or offer for sale of the Par ANDA Products.

On November 16, 20120 Par sent to Plaintiffs a letter that was substantially similar to the

November 8, 2012 letter.

42. This action, claiming infringement of the '482, '383, and '722 Patents, is being

commenced before the expiration of forty-five days from the date Endo and Grünenthal received

the Par Notice Letters. This Complaint also includes three Counts asserting infringement of the

'122, '216, and '060 Patents, which each issued after Par sent its Notice Letters to Endo and

Grünenthal.

## COUNT I:  INFRINGEMENT OF THE '482 PATENT

43. Endo incorporates each of paragraphs 1-42 above as if set forth fully herein.

44. The submission of Par's ANDA to FDA, which includes certification under

§ 505(j)(2)(A)(vii)(IV), constitutes infringement of the '482 Patent under 35 U.S.C.

§ 271(e)(2)(A).

45. Par is seeking FDA approval to engage in the commercial manufacture, use, or

sale of its ANDA Products before the expiration of the '482 Patent. If granted approval, Par

intends to launch its ANDA Products before expiration of the '482 Patent.

46. Par's commercial manufacture, offer for sale, or sale of its ANDA Products would

infringe the '482 Patent under 35 U.S.C. § 271(a)-(c).

47. Any launch by Par of its ANDA Products before expiration of the '482 Patent

would cause Endo to suffer immediate and irreparable harm.

48. Par was aware of the existence of the '482 Patent, as demonstrated by its

reference to that patent in the Par Notice Letters, and was aware that the filing of its Paragraph

IV Certification with respect to the '482 Patent would constitute infringement of the patent.

### COUNT II:  INFRINGEMENT OF THE '383 PATENT

49.     Plaintiffs incorporate each of paragraphs 1-42 above as if set forth fully herein.

50.     The submission of Par's ANDA to FDA, which includes certification under
§ 505(j)(2)(A)(vii)(IV), constitutes infringement of the '383 Patent under 35 U.S.C.
§ 271(e)(2)(A).

51.     Par is seeking FDA approval to engage in the commercial manufacture, use, or
sale of its ANDA Products before the expiration of the '383 Patent.  If granted approval, Par
intends to launch its ANDA Products before expiration of the '383 Patent.

52.     Par's commercial manufacture, offer for sale, or sale of its ANDA Products would
infringe the '383 Patent under 35 U.S.C. § 271(a)-(c).

53.     Any launch by Par of its ANDA Products before expiration of the '383 Patent
would cause Endo and Grünenthal to suffer immediate and irreparable harm.

54.     Par was aware of the existence of the '383 Patent, as demonstrated by its
reference to that patent in the Par Notice Letters, and was aware that the filing of its Paragraph
IV Certification with respect to the '383 Patent would constitute infringement of the patent.

### COUNT III:  INFRINGEMENT OF THE '722 PATENT

55.     Endo incorporates each of paragraphs 1-42 above as if set forth fully herein.

56.     The submission of Par's ANDA to FDA, which includes certification under
§ 505(j)(2)(A)(vii)(IV), constitutes infringement of the '722 Patent under 35
U.S.C. § 271(e)(2)(A).

57.     Par is seeking FDA approval to engage in the commercial manufacture, use, or
sale of its ANDA Products before the expiration of the '722 Patent.  If granted approval, Par
intends to launch its ANDA Products before expiration of the '722 Patent.

58.    Par's commercial manufacture, offer for sale, or sale of its ANDA Products would infringe the '722 Patent under 35 U.S.C. § 271(a)-(c).

59.    Any launch by Par of its ANDA Products before expiration of the '722 Patent would cause Endo to suffer immediate and irreparable harm.

60.    Par was aware of the existence of the '722 Patent, as demonstrated by its reference to that patent in the Par Notice Letters, and was aware that the filing of its Paragraph IV Certification with respect to the '722 Patent would constitute infringement of the patent.

## COUNT IV:  INFRINGEMENT OF THE '122 PATENT

61.    Endo incorporates each of paragraphs 1-42 above as if set forth fully herein.

62.    The submission of Par's ANDA to FDA constitutes infringement of the '122 Patent under 35 U.S.C. § 271(e)(2)(A).

63.    Par is seeking FDA approval to engage in the commercial manufacture, use, or sale of its ANDA Products before the expiration of the '122 Patent.  If granted approval, Par intends to launch its ANDA Products before expiration of the '122 Patent.

64.    Par's commercial manufacture, offer for sale, or sale of its ANDA Products would infringe the '122 Patent under 35 U.S.C. § 271(a)-(c).

65.    Any launch by Par of its ANDA Products before expiration of the '122 Patent would cause Endo to suffer immediate and irreparable harm.

## COUNT V:  INFRINGEMENT OF THE '216 PATENT

66.    Endo incorporates each of paragraphs 1-42 above as if set forth fully herein.

67.    The submission of Par's ANDA to FDA constitutes infringement of the '216 Patent under 35 U.S.C. § 271(e)(2)(A).

68.    Par is seeking FDA approval to engage in the commercial manufacture, use, or

sale of its ANDA Products before the expiration of the '216 Patent. If granted approval, Par intends to launch its ANDA Products before expiration of the '216 Patent.

69.     Par's commercial manufacture, offer for sale, or sale of its ANDA Products would infringe the '216 Patent under 35 U.S.C. § 271(a)-(c).

70.     Any launch by Par of its ANDA Products before expiration of the '122 Patent would cause Endo to suffer immediate and irreparable harm.

## COUNT VI:  INFRINGEMENT OF THE '060 PATENT

71.     Plaintiffs incorporate each of paragraphs 1-42 above as if set forth fully herein.

72.     The submission of Par's ANDA to FDA constitutes infringement of the '060 Patent under 35 U.S.C. § 271(e)(2)(A).

73.     Par is seeking FDA approval to engage in the commercial manufacture, use, or sale of its ANDA Products before the expiration of the '060 Patent. If granted approval, Par intends to launch its ANDA Products before expiration of the '060 Patent.

74.     Par's commercial manufacture, offer for sale, or sale of its ANDA Products would infringe the '060 Patent under 35 U.S.C. § 271(a)-(c).

75.     Any launch by Par of its ANDA Products before expiration of the '060 Patent would cause Endo and Grünenthal to suffer immediate and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Endo and Grünenthal respectfully request the following relief:

A.      A judgment that Par has infringed the '482 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Products would infringe the '482 Patent;

B.      A declaration that the '482 Patent is valid and enforceable;

C.   A judgment that Par has infringed the '383 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Products would infringe the '383 Patent;

D.   A declaration that the '383 Patent is valid and enforceable;

E.   A judgment that Par has infringed the '722 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Products would infringe the '722 Patent;

F.   A declaration that the '722 Patent is valid and enforceable;

G.   A judgment that Par has infringed the '122 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Products would infringe the '122 Patent;

H.   A declaration that the '122 Patent is valid and enforceable;

I.   A judgment that Par has infringed the '216 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Products would infringe the '122 Patent;

J.   A declaration that the '216 Patent is valid and enforceable;

K.   A judgment that Par has infringed the '060 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Products would infringe the '060 Patent;

L.   A declaration that the '060 Patent is valid and enforceable;

M.   An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of Par's ANDA No. 20-4340 under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), shall not be earlier than the last expiration date of the '482, '383, '722,

'122, '216, and '060 Patents, including any extensions;

N.      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Par, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, from infringement of the '482, '383, '722, '122, '216, and '060 Patents for the full terms thereof, including any extensions;

O.      An order that damages or other monetary relief be awarded to Endo and Grünenthal if Par engages in the commercial manufacture, use, offer to sell, sale, distribution or importation of Par's ANDA Products, or in inducing such conduct by others, before the expiration of the '482, '383, '722, '122, '216, and '060 Patents, and any additional period of exclusivity to which Plaintiffs are or become entitled, and that any such damages or monetary relief be trebled and awarded to Endo and Grünenthal with prejudgment interest;

P.      A declaration that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

Q.      Reasonable attorneys' fees, filing fees, and reasonable costs of suit incurred by Endo and Grünenthal in this action; and

R.      Such other and further relief as the Court may deem just and proper.

Dated:  December 19, 2012

By: _____

Joshua I. Sherman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
joshua.sherman@dechert.com

ATTORNEYS FOR PLAINTIFF
ENDO PHARMACEUTICALS INC.

_____
Stephen D. Hoffman (SH 6089)
WILK AUSLANDER LLP
1515 Broadway, 43rd Floor
New York, NY 10036
(212) 981-2300
shoffman@wilkauslander.com

ATTORNEYS FOR PLAINTIFF
GRÜNENTHAL GMBH

*Of Counsel*:

Basil J. Lewris
Joann M. Neth
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARRABOW,
GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000
bill.lewris@finnegan.com
joann.neth@finnegan.com
jennifer.roscetti@finnegan.com

Anthony C. Tridico
Avenue Louise 326, Box 37
Brussels, Belgium B-1050
011 32 2 646 03 53
anthony.tridico@finnegan.com

ATTORNEYS FOR PLAINTIFF
GRÜNENTHAL GMBH

Martin J. Black
Robert D. Rhoad
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
(215) 994-4000

Ann M. Caviani Pease
Jonathan D. Loeb
DECHERT LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA  94040
(650) 813-4800

ATTORNEYS FOR PLAINTIFF
ENDO PHARMACEUTICALS INC.